In the Matter of the Claim of GEORGE H. TERRY et al., against GENERAL ELECTRIC COMPANY, Appellant.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — compensation thereunder to be paid only to injured workmen — state industrial commission has no power after the death of a claimant to reopen a proceeding for compensation and make an award payable to his estate.**

The Workmen's Compensation Law (Cons. Laws, ch. 67) in its entire scope intends that compensation, when awarded, is to be paid only to injured workmen. It is based on the assumption that there is, at the time the award is made, a living claimant whose earning power has been diminished by an impairment of his capacity to work. A distinction is made between compensation and benefits. The former is to be paid to the injured employee and the latter to those persons dependent upon him in the event of death resulting from the injuries. (§ 33.) Hence the state industrial commission has no power after the death of a claimant, and of its own motion, to reopen the proceeding and make an award payable to his estate. (*Matter of Casmey* v. *Parks' Sons Co., Inc.*, 229 N. Y. 623, followed.)

*Matter of Terry* v. *General Electric Co.*, 198 App. Div. 961, reversed.

(Argued October 7, 1921; decided November 22, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 8, 1921, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

*Richmond Moot* for appellant. The state industrial commission and the industrial commissioner were without jurisdiction to make the award appealed from. (*Wozneak* v. *Buffalo Gas Co.,* 175 App. Div. 268.)

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondent. It was proper to award compensation to the estate of George H. Terry, deceased, which was actually due to him in his lifetime. (*Lindfors* v. *Wheeler,* 187 App. Div. 961; *Farrell* v. *Swett Iron Works,* 184 App. Div. 919; *Redner* v. *Faber & Sons,* 223 N. Y. 379; *Esau* v. *Bliss Co.,* 224 N. Y. 701; *Stuber* v. *McEntee,* 142 N. Y. 200; *Price* v. *W. B. Coal Co.,* 8 B. W. C. C. 257; *United Collieries Co.* v. *Hendry,* 2 B. W. C. C. 308; *State ex rel. Munding* v. *Industrial Comm.,* 111 N. E. Rep. 299.)

McLaughlin, J. On the 20th of January, 1917, George H. Terry, while in the employ of the appellant, slipped upon a sidewalk upon its premises and fractured one of his ribs. He filed a claim for compensation with the state industrial commission, which was allowed, and he was paid the amount awarded to him until February 18, 1917. Five days thereafter Terry returned to the appellant and was put to the same kind of work and paid the same wages as when injured. On March 17, 1917, the commission ordered the proceeding closed. Terry continued to work until the 22d of the following June, when he voluntarily quit and three days later accepted a position as janitor with another employer. He continued in the latter employment until the 6th of the following October, when, by reason of his physical condition, he left, returned to his home, and died on the 6th of January, 1918. The industrial commission found that the injuries which he received on the 20th of January, 1917, " so accelerated and lighted up a pre-existing tubercular condition as to cause him to be disabled between the dates hereinabove referred to and subse-

quently caused his death." After his death the commission, of its own motion, opened the proceeding relating to the claim originally filed by him. Several hearings were had, the last on December 13, 1920, when proof was given that on that date letters of administration upon Terry's estate had been duly granted by the Surrogate's Court of Schenectady county to his widow, the respondent herein. On the same day the commission made an " award of compensation " against the appellant to the administratrix, amounting in all to $308.75. The award purported to be full compensation from the time Terry left the employment of the appellant until he accepted the position of janitor; decreased earnings based upon the alleged difference between his wages as janitor and what he would have received had he continued in his employment with the appellant; and full compensation from the time he gave up his employment as janitor to his death. An appeal was taken by the electric company from the award thus made and the same was affirmed by the Appellate Division, one of the justices dissenting. An appeal to this court followed.

There is no finding by the commission that any claim was filed with it except the one filed by Terry, for which compensation was awarded, and the proceeding closed. Nor was there any finding that there were any dependents. It was not until nearly three years after Terry's death that the commission made the award to the administratrix. It was then too late. An award for compensation could not be made after his death. (*Matter of Casmey* v. *Parks' Sons Co., Inc.,* 229 N. Y. 623.)

The question presented in no way involves the power of the commission, upon new facts and changed conditions, during the lifetime of a claimant, to reopen a proceeding, increase, diminish. or terminate an award theretofore made as provided in section 22 of the Workmen's Compensation Law (Cons. Laws, ch. 67). Here, the question is simply. the power of the commission,

after the death of the claimant, of its own motion, to reopen the proceeding and make an award payable to his estate.

The statute defines what is meant by compensation. It means " money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided therein." (Compensation Law, section 3, subd. 6.) Had an award been made to Terry prior to his death, for compensation which was then due, but had not been paid, a different question would be presented. In such case the amount awarded and directed to be paid, not exceeding $250, would be payable, not to his estate, but to the persons specified in the statute. Section 33 of the Compensation Law, as amended by chapter 498 of the Laws of 1919, specifically provides that " In case of the death of an injured employee to whom there was due at the time of his or her death any compensation under the provisions of this chapter, not exceeding the sum of two hundred and fifty dollars, the amount of such compensation shall be payable to the surviving wife or husband, if there be one, or, if none, to the surviving child or children of the deceased under the age of eighteen years, and if there be no surviving wife or children, then to the dependents of such deceased employee or to any of them as the Commission may direct." This award is not made to the widow or any of the persons specified in the statute, nor could it be, because nothing was due Terry on an award for compensation when he died. The award made to him had been fully paid and satisfied. The statute, in its entire scope, intends that compensation, when awarded, is to be paid only to injured workmen. It is based on the assumption that there is, at the time the award is made, a living claimant whose earning power has been diminished by an impairment of his capacity to work. A distinction is made between compensation and benefits. The former is to be paid

to the injured employee and the latter to those persons dependent upon him in the event of death resulting from the injuries.   This distinction is not only apparent when the whole act is considered, but especially in section 33, which contains a provision that compensation shall be paid only to employees and benefits only to dependents of such employees.   To insure the payments to the persons intended, the section contains a provision that " Claims for compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived."

Here, the award for compensation was made payable, as above indicated, to the administratrix of Terry's estate and as such becomes the property of his estate, subject like other funds, to the payment of all claims which may be legally made against it.   The right to compensation was extinguished by Terry's death.   The commission, therefore, had no power to make the award in question.

It follows that the order of the Appellate Division and the determination of the commission should be reversed and the proceeding dismissed, with costs in this court and in the Appellate Division against the state industrial commission.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.