Before STATE INDUSTRIAL BOARD, Respondent. JOSIE JUSTINO, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that the deceased was engaged in interstate commerce. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. TEODORA JUSZCZUK, Respondent, v. HECKER-JONES-JEWELL MILLING COMPANY and Another, Appellants.— Award reversed and matter remitted to the State Industrial Board. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. SAMUEL KAUFMAN, Respondent, v. KAUFMAN PRESS, INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. CARRIE E. KING (now CLINE), Respondent, v. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.— Motion denied.

Before STATE INDUSTRIAL BOARD, Respondent. ANNIE A. KNOX, Respondent, v. GREELEY SQUARE HOTEL COMPANY and Another, Appellants.— Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that there is no evidence that the accidental injury arose out of or in the course of the employment. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. ELIZABETH KOLB, Respondent, v. GRIOT & FISCHER and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. FRED KOPF, Respondent, v. LOUIS· BOSSERT & SONS, INC., Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. FRED KUEBLER, Respondent, v. HENRY SAFARIK and Another, Appellants.— Award modified by striking therefrom the provision for the payment of death benefits to the father, and as so modified unanimously affirmed.

Before STATE INDUSTRIAL BOARD, Respondent. EDMUND LARUE, Respondent, v. THE BARRETT COMPANY and Another, Appellants.— Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no evidence to sustain the finding that claimant swallowed matter impregnated with carbon bisulphide. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. CESARE LATERZA, Respondent, v. THE ATLANTIC MACARONI CO., INC., and Another, Appellants.— Award from March 16, 1923, to May 9, 1923, unanimously affirmed; award from May 9, 1923, to October 29, 1923, reversed, and matter remitted to the State Industrial Board, on the ground that there is no proof of reduced earning capacity. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. JOSEPH LATONE, Respondent, v. IROQUOIS GAS CORPORATION, Appellant.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. THOMAS J. LIDDON, Respondent, v. BRAAS BROTHERS CO., INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.