In the Matter of the Claim of the STATE TREASURER OF THE STATE OF NEW YORK (Arising out of the Death of MICHAEL SHANAGHAN), Respondent, against F. W. VANDERBILT and Another, Appellants.

EDWARD SHANAGHAN, as Administrator, etc., of MICHAEL SHANAGHAN, Deceased, Appellant; STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 12, 1927.

Workmen's compensation — death claim — award to State Treasurer — accident occurred in 1919 and death in 1925 — date of death determines amount of award — award of $1,000, under Workmen's Compensation Law, § 15, subds. 8 and 9, as amd., was proper — disability award made to employee after his death was properly rescinded.

The date of the death of an employee determines the amount of award to be made to the State Treasurer under the Workmen's Compensation Law. In this case, the accident occurred in 1919 and the death in 1925. The award of

$1,000 to the State Treasurer, under subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law, as amended by chapter 615 of the Laws of 1922, was proper.

A disability award made to the employee after his death was properly rescinded.

APPEAL by F. W. Vanderbilt and another from an award of the State Industrial Board, made on the 9th day of December, 1925, awarding $200 for funeral expenses and $1,000 to the State Treasurer of the State of New York, in accordance with subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law.

Appeal by Edward Shanaghan from the decision and order of the State Industrial Board, made on the 21st day of July, 1925, rescinding a disability award made to the deceased after his death.

*Ireland & Caverly* [*William S. Pendleton* of counsel], for the appellants, employer and carrier.

*E. A. Conger*, for the appellant, administrator.

*Albert Ottinger*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondent State Industrial Board.

PER CURIAM. The basis of the appeal by the employer and carrier is that the date of accident and not the date of death should determine the amount payable to the State Treasurer in the case of accidents resulting in death in which there are no persons entitled to compensation. The accident occurred on October 16, 1919, at which time the law provided for a payment of $100 to the State Treasurer. (Workmen's Compensation Law, § 15, subd. 7, as added by Laws of 1916, chap. 622.) The death occurred on February 5, 1925. By chapter 615 of the Laws of 1922 the Legislature provided an increase of payments to the State Treasurer to $1,000. (Workmen's Compensation Law, § 15, subds. 8, 9.) We agree with the State Industrial Board that the date of death is controlling in such case and that no error was committed in making awards to the State Treasurer totalling $1,000. (*Muller* v. *Apel*, 215 App. Div. 737; affd., 242 N. Y. 499; *Kolb* v. *Griot & Fischer*, 214 App. Div. 840; *Donoho* v. *Atlantic Basin Iron Works*, 210 id. 535.) The administrator of the deceased workman also appeals from a decision rescinding a disability award made to the deceased workman after his death. The date of accident controls as to such disability claims and since there was no provision for the making of a post mortem disability award in the law at the time of the accident to Michael Shanaghan, an award made to him after his death

was properly rescinded. (*Matter of Terry* v. *General Electric Co.*, 232 N. Y. 120; *Draper* v. *Draper & Sons, Inc.*, 201 App. Div. 770.)

Present — VAN KIRK, Acting P. J., HINMAN, MCCANN, DAVIS and WHITMYER, JJ.

Award and decision affirmed, with costs to the State Industrial Board.