In the Matter of the Claim of Mary Hughes, Respondent, *v.* Trustees of St. Patrick's Cathedral et al., Appellants.

State Industrial Board, Respondent.

**Workmen's compensation — master and servant — notice — heat prostration an accidental injury — failure to give written notice of injury within time required by statute properly excused where verbal notice was promptly given and employer not prejudiced — award may be made after death of employee on claim already filed.**

1. Heat prostration is an accidental injury arising out of and in the course of the employment, if the nature of the employment is such that it exposes the workman to risk of such injury.

2. Actual knowledge of the accident at the time it occurred is not required to excuse failure to give written notice as required by section 18 of the Workmen's Compensation Law (Cons. Laws, ch. 67) where it appears that verbal notice was promptly given and that the employer has not been prejudiced. In a death case prior notice of injury by the employee is not required under the section.

3. An award for disability may be made after the death of the employee on the claim of disability on file at the time of death, without requiring the widow to file a new claim.

*Matter of Hughes* v. *Trustees of St. Patrick's Cathedral*, 218 App. Div. 796, affirmed.

(Argued May 2, 1927; decided May 10, 1927.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 3, 1926, unanimously affirming an award of the State Industrial Board, made under the Workmen's Compensation Law, for the death of claimant's husband, a section boss in a cemetery, from alleged heat prostration.

*T. Carlyle Jones* and *Bernard J. Vincent* for appellants. Before an award may be made in this case, it must be

shown that the deceased worked under a special and increased hazard, unusual to the public in general. The evidence relative thereto does not warrant the finding made by the Board. (*Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Murray* v. *Cummings Constr. Co.*, 196 App. Div. 903; 232 N. Y. 507; *Schanzenbach* v. *Waldorf Astoria Hotel Co.*, 195 App. Div. 950; *Hernon* v. *Holahan*, 182 App. Div. 126; *Bates* v. *Plattsburgh Gas & Elec. Co.*, 186 App. Div. 932; *Gregorkiewicz* v. *Nat. Biscuit Co.*, 188 App. Div. 985.) The widow has never filed a claim for disability benefits. The Board may not, therefore, make an award to her for such benefits, notwithstanding the fact that her deceased husband filed one during his lifetime. (*Chefty* v. *Hearn & Sons*, 212 App. Div. 844; *O'Esau* v. *Bliss Co.*, 186 App. Div. 556; *Terry* v. *General Elec. Co.*, 232 N. Y. 120.)

*Albert Ottinger*, Attorney-General (*E. C. Aiken* of counsel), for respondents. The question in cases of heat prostration is as to whether the employee is subjected to a greater hazard than the public. (*Murray* v. *Cummings Constr. Co.*, 196 App. Div. 903; 232 N. Y. 507; *Donovan* v. *Ravenwood Paper Co.*, 216 App. Div. 777; *King* v. *Ice Service Co.*, 34 St. Dept. Rep. 325; 217 App. Div. 708; *Powell* v. *Town of Seneca*, 34 St. Dept. Rep. 435; 217 App. Div. 711; *Dibble* v. *Turner Constr. Co.*, 33 St. Dept. Rep. 156.) The employer was not prejudiced because verbal notice was given to the general foreman and superintendent. (*Lutz* v. *Huffman & Co.*, 231 N. Y. 622; *Snow* v. *United States Railroad Administration*, 209 App. Div. 308; 239 N. Y. 528.)

*Per Curiam.* 1. Heat prostration is an accidental injury arising out of and during the course of the employment, if the nature of the employment exposes the workman to risk of such injury. (*Matter of Madura* v. *City of New York*, 238 N. Y. 214.) Although the risk may

be common to all who are exposed to the sun's rays on a hot day, the question is whether the employment exposes the employee to the risk. (*Matter of Katz*, 232 N. Y. 420.)

2. The employee did not give written notice of the injury within the time prescribed by section 18 of the Workmen's Compensation Law (Cons. Laws, ch. 67). The State Industrial Board excused the failure on the ground that the employer was not prejudiced thereby, because verbal notice was given to the employer and the employer had actual knowledge of the accident within thirty days thereafter. The employer's foreman testified that he understood the next day that the workman was taken home sick. A fellow employee testified that he notified the foreman the next day that the sickness was due to heat prostration. Verbal notice was, therefore, established. Actual knowledge of the accident at the time it occurred is not required where it appears that verbal notice is promptly given and the employer has not been prejudiced by the failure to give written notice. (*Matter of Finch*, 244 N. Y. 557.)

3. Section 18 of the Workmen's Compensation Law does not require prior notice of injury by the employee in a death case. (*Matter of O'Esau*, 186 App. Div. 556; affd., 227 N. Y. 597.)

4. An award for disability may be made after the death of the employee. So far as *Matter of Terry* (232 N. Y. 120) holds to the contrary, section 33 of the law has been amended. (L. 1922, ch. 615.) The award was properly made on the claim of disability on file at the time of death without requiring the widow to file a new claim.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Order affirmed, etc.