In the Matter of the Claim of DORA SIENKO, Respondent, against BOPP & MORGENSTERN and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 17, 1928.

**Workmen's compensation — award — employee was injured on December 11, 1922, and commenced third party action on May 19, 1923 — employee died from causes not related to injuries on July 18, 1925, before action was tried — no compensation due employee at time of death — disability award cannot be made to widow, under Workmen's Compensation Law, § 33, for compensation due at time of employee's death — employee, having brought third party action, would, if living, have been estopped from asserting claim for compensation — widow is likewise estopped.**

A disability award cannot be made, under section 33 of the Workmen's Compensation Law, to the widow of an employee for compensation due at the time of the employee's death, where the employee suffered injuries on December 11, 1922, and on May 19, 1923, filed an election to sue a third party with a claim for compensation for any deficiency, but died on July 18, 1925, before the third party action was tried, from causes not related to the injuries suffered. No award was made to the injured employee prior to his death and the claim was controverted.

Under sections 25 and 33 of the Workmen's Compensation Law, no compensation was due the injured employee at the time of his death.

The award must be reversed also on the ground of estoppel, for by action of the employee the insurance carrier was for two years and seven months deprived of its right of subrogation as provided by section 29 of the Workmen's Compensation Law, which right is substantial, and if the employee had lived he would have been estopped from asserting a claim for compensation. That estoppel extends to his widow.

HILL, J., dissents.

APPEAL by the defendants from an award of the State Industrial Board made on the 29th day of April, 1927.

*Bernard J. Vincent* [*T. Carlyle Jones* of counsel], for the appellants.

*Albert Ottinger,* Attorney-General [*E. C. Aiken,* Assistant Attorney-General, of counsel], for the State Industrial Board.

*Leo J. Hickey,* for the claimant, respondent.

VAN KIRK, J.   The award is to the widow of Anton Sienko, who on December 11, 1922, sustained injuries which arose out of and in the course of his employment. On May 19, 1923, he filed an election to sue a third party, with a claim " for compensation for any deficiency." The third party action was begun and was

pending when, on July 18, 1925, Sienko died from causes not related to the injuries sustained. In consequence the claim for death benefits, filed by the widow in May, 1926, failed, but she was given an award for compensation due to the deceased at the time of his death. The appeal is from this award.

We pass without comment the question whether or not there is evidence justifying the finding that Sienko was disabled by his injuries during the period of the award. The part of that period which is disputed is short. It was not necessary for the widow to file a further claim for disability compensation in order to assert whatever right thereto she may have under the Workmen's Compensation Law. (*Matter of Hughes* v. *St. Patrick's Cathedral,* 245 N. Y. 201.)

We are asked to hold that a widow may have a disability award under section 33 of the Workmen's Compensation Law when her injured husband died from a cause " other than the injury." In enacting the Workmen's Compensation Law it was intended that but two kinds of awards could be made — disability awards payable to employees only, and death benefits awards payable to their dependents only. (§ 33.) But sections 33 and 15, subdivision 4, have been amended (Laws of 1922, chap. 615) to allow disability awards " after the death of the injured employee " and it is claimed that these amendments justify the award appealed from. Section 15, subdivision 4, at the time the injury was received in this case, contained this: " Effect of award. An award made to a claimant under subdivision three shall in case of death arising from causes other than the injury be payable to and for the benefit of the persons following." Then follow paragraphs naming or defining these persons and allowing a disability award after death. This subdivision applies only to cases within subdivision 3 of section 15, namely, cases of permanent partial disability; and these in turn are the cases in which schedule awards may be made and awards under paragraph u thereof, entitled " other cases." Those are all " other cases " in this class of disability. The present claim does not come under this subdivision 4. The claimant's position is that the award may be upheld under section 33, which, so far as material here, provides: " Compensation and benefits shall be paid only to employees or their dependents. In case of the death of an injured employee to whom there was due at the time of his or her death any compensation under the provisions of this chapter, the amount of such compensation shall be payable to the surviving wife or husband, if there be one, or, if none, to the surviving child or children of the deceased under the age of eighteen years, and if there be no surviving wife or children, then to the dependents of such deceased employee or

to any of them as the Commission may direct.    An award for disability may be made after the death of the injured employee."

First it will be noticed that this section does not cover a case of " death arising from causes other than the injury."    Section 15, subdivision 4, alone provides for such cases.    The death in this case was from a cause " other than the injury."    The right to have an award for disability made after death under section 33 applies only to a " case of the death of an injured employee to whom there was due at the time of his or her death any compensation under the provisions of this chapter."    What is meant by compensation due at the time of his or her death is declared in section 25: " The compensation herein provided for shall be paid periodically and promptly in like manner as wages, and as it accrues, and directly to the person entitled thereto without waiting for an award by the Industrial Board, except in those cases in which the right to compensation is controverted by the employer."    It provides further when the first payment shall be made and that thereafter compensation shall be payable bi-weekly, or in case of an award, in accordance with the terms thereof; and compensation becomes due as the time for each payment arrives.    (See, also, Laws of 1925, chap. 657; Laws of 1926, chap. 260, and Laws of 1927, chap. 497, amdg. said § 25.)    In the present case no award had been made to the injured employee prior to his death and the claim was controverted.    Under sections 25 and 33 we think no compensation was due the injured employee at the time of his death.    (*Conrad* v. *Glenham Embroidery Co.,* 213 App. Div. 507; *Matter of Bogold* v. *Bogold Brothers, Inc.,* 218 id. 676; affd., 245 N. Y. 574.)    The amendment of 1922 allowing a disability award after death does not permit the widow, in a case where the death occurred from causes other than the injury, to receive a disability award.    In this section 33 it is provided that " compensation and benefits shall be paid only to employees or their dependents," and dependents could only have compensation in cases in which the death had resulted from causes related to the accident.    That this was the intent in this section we think appears from the definition of " death " in section 2, subdivision 8: " ' Death ' when mentioned as a basis for the right to compensation means only death resulting from such injury."    Death resulting from the injury is the basis upon which compensation to dependents rests.    The holding in *Matter of Terry* v. *General Electric Co.* (232 N. Y. 120) has been changed only so far as it holds that a disability award may not be made after death.    (*Matter of Hughes* v. *St. Patrick's Cathedral,* 245 N. Y. 201.)    " Compensation " still means " the money allowance payable to an employee or to his dependents as provided

for in this chapter, and includes funeral benefits provided therein." (§ 2, subd. 6.) And dependents are " those persons dependent upon him in the event of death resulting from the injuries." (*Terry Case, supra,* 124.) We conclude, therefore, that a disability award cannot be made to the widow under section 33.

There is a fair reason for inserting in subdivision 4 of section 15 alone the provision for a disability award in cases where the death resulted from causes other than the injury. In such a case there can be no award for death benefits; also, there can be no compensation due a deceased employee after his death, except under a schedule award, which is the only disability award which does not terminate at death. The Legislature may have intended that, in this exceptional condition, those who stand in the relation of dependents should be given the benefit of such an award.

We think there is another ground which requires a reversal. When Sienko died his cause of action against the third party abated. Thus, after July 18, 1925, there was no cause of action to which the carrier could be subrogated. The widow and children had no claim for death benefits. There was then no cause of action which could be assigned to the carrier under section 29, which provides that, if the employee elects to take compensation, the award of compensation operates as an assignment of his cause of action against a third party to the party liable to pay compensation. While claimant's election was in force and his action against the third party was undetermined, the carrier could not be subrogated to claimant's remedy against the third party, nor could it be known what, if any, deficiency could be recovered. (Workmen's Compensation Law, § 29, as amd. by Laws of 1924, chap. 499.) For two years and seven months the carrier was deprived of its right to subrogation to such remedy as Sienko had against a third party. The carrier has been deprived of a substantial right and Sienko would, if living, be estopped from asserting his claim for compensation. (*Matter of McKee* v. *White,* 218 App. Div. 300; affd., 244 N. Y. 610.)

The case of *Matter of Adleman* v. *Armstrong Publishing Company* (222 App. Div. 705) has no application. In that case a death benefits award was made to a dependent mother and we said that she had no control over the third party action and, therefore, was not responsible for a delay in prosecution. Here no death benefits award has been or could be made. The award is a disability award for compensation due at the time of Sienko's death. (Workmen's Compensation Law, § 33.) The claimant

26

here stands in Sienko's place. If he would be estopped she is estopped from having a disability award.

The award should be reversed and the claim dismissed.

COCHRANE, P. J., DAVIS and WHITMYER, JJ., concur; HILL, J., dissents.

Award reversed and claim dismissed, with costs against the State Industrial Board.