In the Matter of the Claim of DORA SIENKO, Appellant, against BOPP & MORGENSTERN et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

**Workmen's compensation — master and servant — estoppel — workman permanently disabled in course of employment — election to sue third party with claim for deficiency — death during pendency of action from cause other than injury — award properly made to widow — not estopped from claiming compensation by pendency at death of husband of action against third party.**

1. An award was properly made, under section 33 of the Workmen's Compensation Law, to the widow of a workman, totally and permanently disabled in the course of his employment, who filed an election with the State Industrial Board to sue a third party, with claim for compensation for any deficiency, and who during the pendency of the action, died from causes other than the accident. The notice of election with claim for deficiency compensation constituted a claim for compensation within the one year's limitation of section 28 and it was not necessary for the widow to file a further claim for compensation. The basis of her claim was the injury to her husband for which he would have been entitled to compensation had he lived. Because of his death it is now payable to her.

2. An objection that the award was improper owing to the pending action against the third party cannot be sustained. The effect of the death of the plaintiff in that action was, in the eyes of the law, the same as a dismissal on the merits. The action terminated as matter of law and there was nothing inconsistent in the widow's claiming compensation. (*Matter of McKee* v. *White*, 218 App. Div. 300; affd., 244 N. Y. 610, distinguished.)

*Matter of Sienko* v. *Bopp & Morgenstern*, 222 App. Div. 398, reversed.

(Argued March 27, 1928; decided May 1, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 17, 1928, reversing an award of the State Industrial Board made under the Workmen's Compensation Law and dismissing the claim.

*Leo J. Hickey* for claimant, appellant. There is no evidence in the record that the carrier has been deprived

of a substantial right against the third party; nor is there any evidence in the record that the deceased failed to diligently prosecute the action he instituted. (*McKee v. White*, 218 App. Div. 300; 244 N. Y. 610; *Hughes v. St. Patrick's Cathedral*, 245 N. Y. 201; *Aldeman v. Armstrong Pub. Co.*, 224 N. Y. Supp. 742; *Bogold v. Bogold Bros.*, 218 App. Div. 676; 245 N. Y. 574.)

*Albert Ottinger, ·Attorney-General* (*E. C. Aiken* of counsel), for State Industrial Board, appellant. Compensation was due to Anton Sienko at the time of his death for disability due to accident and was properly made payable to his surviving wife. (*Bogold v. Bogold Bros.*, 218 App. Div. 676; 245 N. Y. 574.)

*T. Carlyle Jones* and *Bernard J. Vincent* for respondents. The carrier was deprived of a substantial right against the third party by the deceased's failure to prosecute his action. (*McKee v. White*, 218 App. Div. 300; 244 N. Y. 610.) There was no compensation due at the time of the death of Anton Sienko. (*Bogold v. Bogold Bros.*, 218 App. Div. 676.) An award for disability benefits may not be made after death, where death is not due to the accident. (Workmen's Comp. Law, § 33.) The widow never filed a claim for disability benefits. Her claim is for death benefits. The deceased never made a claim for compensation but filed an election to sue which protects his right to a deficiency only but not her right for disability compensation. (*Hughes v. Trustees of St. Patrick's Cathedral*, 245 N. Y. 201; *O'Brien v. Knickerbocker Ice Co.*, 213 App. Div. 464; *O'Brien v. Lodi*, 246 N. Y. 46.)

CRANE, J. This appeal requires the interpretation of section 33 of the Workmen's Compensation Law (Cons. Laws, ch. 67), which reads:

" In case of the death of an injured employee to whom there was due at the time of his, or her death any com-

pensation under the provisions of this chapter, the amount of such compensation shall be payable to the surviving wife or husband, if there be one, or, if none, to the surviving child or children of the deceased under the age of eighteen years, and if there be no surviving wife or children, then to the dependents of such deceased employee or to any of them as the Commission may direct. An award for disability may be made after the death of the injured employee."

The amount of compensation here payable to the surviving wife must not be confused with the death benefit allowed by section 16 of the Workmen's Compensation Law. Section 3 provides compensation for injuries or death incurred by employees in hazardous employments. If the injury causes death, section 16 provides that the compensation shall be known as a death benefit and shall be payable to the surviving wife or other dependents according to certain rates therein fixed. The compensation which under a claim filed may be due to the injured employee before he dies is not a death benefit. There may be, and frequently is, a lapse of time between the injury and the death of the employee. Perhaps compensation has been awarded to him and not yet paid, or it may be that an award for compensation has not yet been made, at the time of his death. In either case, if there is due him at the time of his death compensation under the provisions of the Workmen's Compensation Law, this amount due him is payable to his widow. If death results from the injury she may have in addition a claim for death benefit under section 16. (*Matter of Hughes* v. *Trustees of St. Patrick's Cathedral*, 245 N. Y. 201.)

A schedule of compensation is provided by section 15, subdivision 3 of which applies to permanent partial disability. It reads: " In case of disability partial in character but permanent in quality the compensation shall be sixty-six and two-thirds per centum of the average weekly

wages and shall be paid to the employee for the period named in this subdivision, as follows: "

Then follows an enumeration of the number of weeks for which such compensation shall be provided for various lost members of the body. Attention should be given to the narrow limitations of the cases specified in subdivision 3. Numerous injuries to employees for which compensation is allowed do not constitute the permanent partial disability therein described. When an award has been made, let us say, for a lost arm, the amount will be 66⅔ per cent of the average weekly wages of the employee for 312 weeks. If he were getting $12 a week, he would receive $8 a week for this period. Suppose, however, that he should die of a disease before the period expired. What would become of the award? To whom would it be payable? This is covered in the next subdivision, subdivision 4, the " effect of award," which reads: " An award made to a claimant under subdivision three shall in case of death arising from causes other than the injury be payable to and for the benefit of the persons following: " who are the wife, husband or children.

The reason why this section is limited to death arising from causes other than the injury is because the widow or the dependent child would have a claim for death benefits under section 16 if the injury caused the death. When the injury, however, has not caused death, the award of weekly payments for this limited class of injury, permanent partial disability, may be continued for the wife and child. In other words, the weekly payments do not end with death.

How do these provisions of the Workmen's Compensation Law apply to the facts of this case? Anton Sienko, sixty-nine years of age, was employed as a messenger by Bopp & Morgenstern, manufacturing opticians in Brooklyn, N. Y. On December 11, 1922, while crossing Nostrand avenue at Fulton street, Brooklyn, in the course of his employment, he was struck by an

automobile and injured. On May 19, 1923, he filed an election with the Industrial Board to sue the third party, the owner of the automobile. Having brought such action, it was pending at the time of his death on the 18th of July, 1925.

The notice of election with claim for compensation for any deficiency constituted a claim for compensation made within the one-year limitation of section 28 of the Workmen's Compensation Law. It was not necessary for the widow to file a further claim for disability compensation in order to assert whatever right thereto she had under that law. (*Matter of Hughes* v. *St. Patrick's Cathedral,* 245 N. Y. 201.)

As Anton Sienko died from causes unrelated to the accident sustained by him, the widow had no claim for a death benefit. She did claim, however, compensation which was due to him under the law because of his total disability to work from the date of the accident, December 11, 1922, until the date of his death, July 18, 1925. The board allowed this award, fixing compensation at the rate of $8 a week for 135⅚ weeks, amounting to $1,086.67.

The Appellate Division has reversed this award and dismissed the claim. One of the reasons assigned was that the death referred to in section 33 means death resulting from the injury, reference being made to section 2, subdivision 8, which reads: " ' Death ' when mentioned as a basis for the right to compensation means only death resulting from such injury." The death of Anton Sienko is not the basis for his widow's right to compensation. The basis of her claim is his injury for which he would have been entitled to compensation and an award during his life. It is now payable to her instead of to him because of his death. Death is not the basis of the claim or right to compensation, but the reason or basis for change in beneficiary. Subdivision 8 refers to death benefits. The basis for the right to compensation as a death benefit must be a death resulting from the injury.

The reason the words " death arising from causes other than the injury " were used in subdivision 4 of section 15 has already been stated.   There is no need of continuing the weekly award where the death results from the injury as there is then a claim for a death benefit.   Where, however, the death arises from causes other than the injury, the weekly award payment might end with death, and the widow receive nothing but for this section. Section 33, however, deals with a different matter altogether.   It allows the widow or dependents in case of death from whatever cause the amount of a disability award which has not been paid to the injured employee in his lifetime.   We think that if the word " due " in this section was limited to the bi-weekly payments in arrears referred to in section 25, the language would have been more specific.

Another objection to this award was the pending action brought by Anton Sienko against the third party, citing *Matter of McKee* v. *White* (218 App. Div. 300; affd., 244 N. Y. 610).   In that case the claimant defaulted in the third party action and the case was dismissed. The default at least was his own fault.   He then sought full compensation under an award, after the time had elapsed in which the insurance company could bring suit on the cause of action.   It was properly held that he was estopped by his own acts from pursuing his remedy under the Workmen's Compensation Law.   This case is different.   The employee died and his cause of action died with him.   The action terminated as matter of law in the same way that it would have terminated had the defendant died or passed out of existence.   Acts constituting estoppel or barring recovery are, therefore, not in this case.   The injured employee had done nothing which would make it inconsistent for his wife to claim compensation any more than it would have been inconsistent for him or her to claim compensation after the dismissal of the negligence case after a full and complete

trial. The claim which he filed under section 20 asked for such deficiency compensation. His death in the eyes of the law was the same as a dismissal on the merits in this particular instance.

Our opinion is that the award was properly made in this case under section 33 for the reasons stated, and that the order of the Appellate Division should be reversed and that of the State Industrial Board affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.