In the Matter of the Claim of JENNIE GORDON, Appellant, against ELMIRA, CORNING AND WAVERLY RAILROAD COMPANY and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.

Van Kirk, P. J., Hinman, Whitmyer and Hasbrouck, JJ., concur; Hill, J., dissents, with a memorandum.

* Amd. by Laws of 1921, chap. 134.— [REP.

HILL, J. (dissenting). The care and benefits enjoined by section 13 of the Workmen's Compensation Law are here incidental to decedent's disability occasioned by his injury. (Workmen's Compensation Law, § 12.)* He later died from the effects of the injury. The expenses of such care and benefits were not an element of the damages in the action brought by the widow as administratrix under the Decedent Estate Law (§ 130).† The widow is entitled to receive this award which is incidental to disability. (*Matter of Sienko* v. *Bopp & Morgenstern,* 248 N. Y. 40.) Section 13 of the Workmen's Compensation Law prior to the amendment which became effective July 1, 1927 (Laws of 1927, chap. 553), authorized an award for the care and benefits mentioned, other than for physicians' services. (*Sandberg* v. *Seymour Dress Co.,* 215 App. Div. 728; affd., 242 N. Y. 497; *Lam* v. *Wolff Advertising Company,* 224 App. Div. 801.) The amendment authorized an award for the services of a physician. Being procedural it applies to pending matters. (*Lazarus* v. *Metropolitan Elevated Railway Company,* 145 N. Y. 581.) I favor reversal.

---

* Amd. by Laws of 1924, chap. 318.— [REP.

† Added by Laws of 1920, chap. 919.— [REP.