In the Matter of the Claim of WALTER S. KEENHOLTS [Deceased] and MAY A. KEENHOLTS, Appellant, against THE BAYER COMPANY, INC., and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. The parties to this appeal have stipulated as follows: " It is hereby stipulated that the issue on this appeal is whether a schedule award under par. (E) Subdiv. 3 of Sec. 15, W. C. L., made for the loss of claimant's left eye is payable to the widow of the deceased claimant in addition to the death benefits provided for in Section 16, W. C. L., where death resulted from the injuries." Such schedule award is payable to the widow in addition to death benefits. (Workmen's Comp. Law, § 33; Matter of Sienko v. Bopp & Morgenstern, 248 N. Y. 40; Matter of Hughes v. St. Patrick's Cathedral, 245 id. 20.) Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur. Decision reversed and claim remitted for an award in accordance with memorandum, with costs to the claimant against the State Industrial Board.

CAROLINE SCHENKEL, Respondent, v. JACOB SCHENKEL, Appellant.

PER CURIAM. The payment of alimony should have ceased upon the reversal of the judgment. The " sixth " finding of fact as to the proper amount of alimony was not reversed but alimony was payable because of the provisions of the judgment and upon reversal payment thereof was no longer required. It is not the court's practice to reverse " conclusions of law;" they fall when the supporting findings of fact are reversed. A modification of the judgment to permit a new trial of the action is discussed in an opposing affidavit and in a letter written by plaintiff to the court, but no motion of that kind is before the court and for that reason is not considered. Hill, P. J., Rhodes, Crapser and Bliss, JJ., concur. Motion to correct decision denied.