MEMORANDUM
ADKINS, J.
On November 1, 1931, plaintiff Van Deusen, while crossing Washington Boulevard at Laurel, was struck by an automobile operated by Gordon E. Blair. Blair’s automobile at the same time struck Miss Dorothy Kirn. On December 4, 1931, Van Deusen filed in the office of the Deputy Commissioner a notice of election to sue Blair. This notice contained a claim for compensation for any deficiency between the amount recovered against Blair and the amount provided by the compensation act.
Prior to that date Miss Kirn had brought suit against *162 Blair and obtained a judgment for her injuries. It was believed that Blair was insured in the Aetna Casualty Company. Miss Kirn sued in New York to recover on that policy but it was held that the policy had been cancelled before the occurrence of the accident.
Yan Deusen did not file a suit against Blair. His attorney considered it wise to wait until he had established liability of the Aetna Casualty Company for the accident. When it was determined that no such liability existed he considered it useless to proceed against Blair and decided to proceed before the Deputy Commissioner. In the meantime Miss Kirn and Van Deusen had intermarried; they were represented by the same attorney throughout.
At the hearing before the Deputy Commissioner a colloquy occurred between the latter and the attorney for defendant Maryland Casualty Company in which it was stated that the claim of the latter was that its rights “were prejudiced because of the fact that the third party” (Blair) “has removed from the United States and that your subrogated right has been impaired because of that.”
The record before the Commissioner contains no evidence to support this claim. The foregoing statement is all I can find in that record on that subject.
Upon this evidence the Commissioner found that the third party departed from the District of Columbia and from the United States went to the Philippine Islands making it impossible for the employer to pursue his subrogated right to recover damages against the third party for compensation involved in this case.
The Deputy Commissioner held that he was without authority because the claimant did not file his claim within one year, and that he failed to pursue his rights against the third party, thus depriving the employer of his subrogated rights.
Claimant has filed a petition for mandatory injunction *163 compelling the Deputy Commissioner to take jurisdiction of his case. The latter has filed a motion to dismiss.
1. In my opinion the admitted facts show that the claim was filed within one year.
The notice of election to proceed against Blair, filed one month after the accident, contained a claim for any deficiency provided by the compensation act.
In the Mutter of Sienko v. Bopp, 248 N. Y. 40, it was held that such a claim was sufficient under a similar statute.
2. In my judgment Yan Deusen was justified in not filing suit against Blair.
Parts of section 33 of the Workmen’s Compensation Act are quoted in the Deputy Commissioner’s findings as follows:
“(a) If on account of a disability or death for which compensation is payable under this Act the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.
“(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person whether or not the person entitled to compensation has notified the deputy commissioner of his election.
“(f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in section 18 (one year) the employer shall be required to pay as compensation under this Act a sum equal to the excess of the amount which the Commission determines is payable on account of such injury or death over the amount recovered against such third person.”
Under a literal interpretation of the statute claimant must file suit against the third party within one year after notice of his election so to do, the filing of such suit being a condition of his right to recover against the employer.
*164 I find that the evidence shows that such a suit was useless. Miss Kirn’s suit filed by claimant’s attorney clearly established this.
I find that the employer suffered no damage and was not prejudiced by reason of Yan Deusen’s failure to sue Blair.
The question of law is whether claimant was compelled to file a suit under these circumstances.
Counsel for each of the defendants in their briefs cite several New York cases in support of the position taken by the Deputy Commissioner.
In some of those cases the right of action against the third person had been barred by the statute of limitations, and the court based its decision on the ground that by claimant’s failure to go on with the action against the third person the carrier had been deprived of a substantial right which it would have had but for the election, namely, “its right of subrogation to claimant’s remedy against the third party.”
In those cases it did not affirmatively appear that the right of subrogation was valueless. If the right of subrogation is without value, it cannot be described as a substantial right.
Where it has been demonstrated that there is no hope of collecting any money by virtue of a suit against the third person I think the requirement of section 33(f) is excused and that claimant’s action in not suing does not deprive him of his remedy here.
Therefore the motion to dismiss is overruled.