THE CITY OF BUFFALO, Plaintiff, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

Supreme Court, Erie County, February 23, 1937.

*Gregory U. Harmon, Corporation Counsel* [*Bart J. Shanahan, Assistant Corporation Counsel*, of counsel], for the plaintiff.

*Penney & Penney* [*Alfred A. Buerger* of counsel], for the defendant.

NORTON, J. The complaint herein alleges that the plaintiff, a self-insurer, employed one Edward Bollow; that Bollow in the course of such employment and without fault on his part was killed by the negligence of defendant's servants on October 22, 1920; that Bollow left a widow and minor child who duly elected under the provisions of the Workmen's Compensation Law to sue defendant, did institute action against defendant to recover damages for the death of their relative, which action was, without the consent of plaintiff or the State Industrial Commissioner, settled for the sum of $17,000, of which sum the minor child received two-thirds, which amounted to more than her claim for compensation; and the widow received one-third, which, dependent on her continued widowhood, might be less

than she would be entitled to as compensation; that the State Industrial Board, by a decision made January 28, 1925, suspended payment of the widow's compensation until September 4, 1935; that the widow remarried November 23, 1925; that in consequence there were no dependents of said employee to recover compensation under the Workmen's Compensation Law, and no award was made by the State Industrial Board to any dependents of said deceased employee; that on February 4, 1936, the State Industrial Board, pursuant to subdivisions 7 and 8 of section 15 of the Workmen's Compensation Law, by its decision to that effect, awarded against and to be paid by plaintiff, as the insurer carrying or covering said employee, the sum of $900 payable to the Industrial Commissioner " Special Fund," and the further sum of $100 payable to the Industrial Commissioner " Vocational Rehabilitation Fund;" that in compliance with such decision plaintiff paid such awards aggregating $1,000.

Plaintiff further alleges that pursuant to section 29 of the Workmen's Compensation Law, by reason of the making of such awards and the payment thereof by plaintiff, there was assigned to plaintiff a cause of action against defendant for the amounts so paid, and in this action seeks to recover judgment therefor.

Defendant, contending that under the provisions of section 29 of the Workmen's Compensation Law, as it read at the time of the death of plaintiff's employee Bollow, there was no cause of action nor valid claim against defendant for such awards, nor for the purposes to or for which such awards are or were to be applied, on this motion seeks the dismissal of the plaintiff's complaint.

The authorities cited and relied upon by plaintiff to support its alleged cause of action herein, viz.; *Matter of Fisher* v. *Turton Co.* (254 N. Y. 610); *Matter of Commissioner of Taxation & Finance* v. *Cox* (258 id. 540), apparently establish plaintiff's liability for such awards and that, notwithstanding the lapse of sixteen years between the death of the employee and the making of the awards, the awards are valid and enforcible claims against plaintiff. But those decisions are not in point upon the question involved on this motion.

Under the common law plaintiff had no cause of action of any character against defendant arising out of the death of plaintiff's employee caused by defendant's negligence. The only legal claim, if any, plaintiff has or alleges against defendant arising out of the negligent killing of its employee, for whose death it is liable as the insurance carrier, is created and given by the provisions of section 29 of the Workmen's Compensation Law.

In its original form section 29 of the Workmen's Compensation Law, as that law was enacted in chapter 816 of the Laws of 1913, and re-enacted in chapter 41 of the Laws of 1914, provided that if

an employee, injured in the course of his employment by the negligence of a third party, or in case of his death, his dependents, elected to take compensation under that law, such election constituted an assignment of such employees or his dependents' cause of action against the third party for negligently causing such injury or death of such employee, to the insurance carrier covering such employee.

The Workmen's Compensation Law, as enacted in 1913 by chapter 816, and re-enacted in 1914 (Laws of 1914, chapter 41) made no provision for any "Rehabilitation Fund" or "Special Fund." But by chapter 622 of the Laws of 1916 a "special fund" was created to pay additional compensation to "previously injured employees" who subsequently became permanently disabled, which "special fund" was to be made up by payments by insurance carriers of $100 "for every case of injury causing death in which there are no persons entitled to compensation." And by chapter 760 of the Laws of 1920 another "special fund" was created for the purpose of rehabilitating injured employees who came within the terms of such law, which "special fund" was made up by "the insurance carrier" being required to "pay to the State Treasurer for every case of injury causing death in which there are no persons entitled to compensation, the sum of nine hundred dollars."

It would appear that the awards in question were made under the provisions of chapter 622 of the Laws of 1916 and chapter 760 of the Laws of 1920.

But the Workmen's Compensation Law, neither in section 29 thereof nor elsewhere, prior to the enactment of chapter 615 of the Laws of 1922, which by its terms became effective July 1, 1922, gave any right to recover from any third party for any award or amount paid by an insurance carrier into any such "fund" or "funds" or similar fund, or for a similar purpose.

Therefore, prior to July 1, 1922, an insurance carrier had no cause of action against and could not recover from a third party whose negligence had caused the death of an employee covered by its policy for any such awards or payments.

The law is stated by the Court of Appeals in *Zurich G. A. & L. Ins. Co.* v. *Childs Co.* (253 N. Y. 324, on p. 329) as follows: " The insurance carrier suing under section 29 as assignee or subrogee of the injured employee, may recover those damages and those only that could be recovered by the assignor if he were suing for himself (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273)." It follows that, as at the time of such employee's death, there was and could be no such cause of action in favor of plaintiff against

defendant as the one set out in the complaint herein, no such cause of action has come into existence since the death of such employee.

Defendant's liability was fixed by the law in effect at the time of the death of Bollow, plaintiff's employee. (*Matter of State Treasurer* v. *Vanderbilt*, 220 App. Div. 61; *Isola* v. *Weber*, 147 N. Y. 329; *O'Reilly* v. *Utah, N. & C. Stage Co.*, 87 Hun, 406.)

There is nothing in section 29 of the Workmen's Compensation Law, as amended by chapter 615 of the Laws of 1922, that in terms or by implication makes the causes of action therein created and given to the insurance carrier, retroactive or retrospective. " The general rule is that statutes are to be construed as prospective only (27 Halsbury's Laws of England, p. 159). It takes a clear expression of legislative purpose to justify a retroactive application [citing authorities]. Changes of procedure, *i. e.*, of the form of remedies, are said to constitute an exception [citing authorities], but that exception does not reach a case where before the statute there was no remedy whatever [citing authorities]," is the law as stated in *Jacobus* v. *Colgate* (217 N. Y. 235, at p. 240). To the same effect are *Neglia* v. *Zimmerman* (237 N. Y. 131) and *Draper* v. *Draper & Sons, Inc.* (201 App. Div. 770).

The motion should be and is granted and plaintiff's complaint is dismissed, with costs.