In the Matter of the Claim of GERTRUDE MOORE, Appellant, against TROOP D, DIVISION OF STATE POLICE, et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 8, 1944.

*Hiscock, Cowie, Bruce, Lee & Mawhinney,* attorneys for claimant-appellant.

*William F. O'Rourke,* attorney for State Insurance Fund, respondent.

*Nathaniel L. Goldstein, Attorney-General,* for respondents.

BLISS, J. Claimant is the dependent mother of Robert Arthur Moore, a State trooper who was killed in line of duty on July 29, 1941. He left a father and mother, the latter partially dependent upon him. An award of death benefits was made to her at the rate of $8.66 per week. The Legislature of the State of New York by Laws of 1942, chapter 407, effective April 12, 1942, appropriated $5,000 for the father and mother of the deceased trooper, payable out of the State Treasury. The insurance carrier, which was the State Insurance Fund, had conceded claimant's dependency. Later this carrier withdrew such concession and the case was reopened for taking evidence on that question. After the passage of the special act of the Legislature, the carrier claimed an offset against any compensation awarded to the mother, to the extent of $2,500 of the sum appropriated by the special act. This offset was allowed and the claimant appeals. Section 30 of the Workmen's Compensation Law provides that in the case of the death of an employee of the State, any statutory benefit which is not sustained or provided for in whole or in part by the contribution of the employee may be applied toward the payment of death benefits. The employer and insurance carrier were not entitled to the $2,500 credit on this award.

The rights of the parties arising from the death of an injured workman are fixed as of the date of death. The right to death benefits springs into existence at that time and the law which must control the compensation to be paid is that which was in effect when the right came into existence. (*Donoho* v. *Atlantic Basin Iron Works*, 210 App. Div. 535.) The date of death controls. (*Matter of State Treasurer* v. *Vanderbilt*, 220 App. Div. 61.) The special act was not passed until almost a year after the death of Trooper Moore and his mother's right to death benefits was at that time established. In fact, an award had already been made to her. There is no indication in the special act that the $5,000 thereby appropriated to the father and mother of the trooper was anything other than an absolute payment and there was no indication that the mother's share was to be credited against any other rights which she then had. The inequity of the determination of the State Industrial Board is apparent in that under its decision the father would receive the full $2,500 while the dependent mother must credit her $2,500 against the death benefits to which she was already entitled.

The award should be modified by striking therefrom that portion here appealed from and the matter should be remitted to the State Industrial Board to proceed in accordance with this opinion, with costs to the appellant against respondents.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur.

Award modified by striking therefrom that portion appealed from and the matter remitted to the State Industrial Board to proceed in accordance with the opinion, with costs to the appellant against respondents.