SPENCER–KELLOGG & SONS, Inc. v. WILLARD.

No. 10413.

United States Court of Appeals Third Circuit.

Argued May 23, 1951.

Decided Aug. 3, 1951.

Edward J. Madden, Kearny, N. J. (Louis E. Saunders, Jersey City, N. J., on the brief), for appellant.

Herbert P. Miller, U. S. Dept. of Labor, Washington, D. C. (Grover C. Richman, Jr., U. S. Atty., Roger M. Yancey, Asst. U. S. Atty., Newark N. J., William S. Tyson, Sol., Ward E. Boote, Asst. Sol., Washington, D. C., Attorneys, U. S. Department of Labor, Employees' Compensation Division, on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

This appeal arises under the Longshoremen's and Harbor Workers' Compensation Act ("Longshoremen's Act"), 33 U.S.C.A. § 901 et seq. Seeking to set aside a compensation order, plaintiff commenced this action in the district court against the deputy commissioner for the Bureau of Employees' Compensation of the Federal Security Agency. That court dismissed the complaint.

Claimant herein was injured on January 25, 1942, while in the employ of plaintiff as a warehouseman. His duties at the time of the accident consisted of discharging the cargo from the lighter, "Regent," afloat in the North River at Edgewater, New Jersey. Claimant was disabled from the date of the accident until January 4, 1943. After the accident, he was furnished medical treatment by plaintiff in accordance with Section 7(a) of the Act. On November 5, 1943, claimant filed with the deputy commissioner a notice of election to sue a third party. In that notice was included a statement that the employee makes claim for compensation against the employer for any deficiency between the amount recovered from the third party and the amount provided by the Act. That action against

the third party, however, was later discontinued, following which the parties agreed that the employer would pay claimant 47-2/7 weeks compensation at $25 per week and 51.9 weeks compensation, representing 30% loss of use of the injured left foot at $25 per week. This was a total of $2479.64 and represented compensation for temporary total and permanent partial disability. On January 26, 1945, payment was made under that agreement.

In February, 1949, claimant applied to reopen his case. The deputy commissioner found as a fact that claimant, as a result of the injury, is suffering from arthritis in the left ankle and that this condition requires surgery. An award was made by the deputy commissioner whereby the employer was ordered to provide medical and surgical treatment "as long as the nature of the injury and the process of recovery may require."

The only issue on appeal is whether Section 13 of the Longshoremen's Act bars claimant's claim in 1949 for medical benefits. The relevant part of Section 13 is as follows: "Time for filing of claims. (a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred." 33 U.S.C.A. § 913.

The district court, in dismissing the complaint of plaintiff, held that Section 13 of the Longshoremen's Act does not apply to claims for medical benefits. We are urged to affirm the order of the district court on this ground. Appellee, the deputy commissioner, also asserts, however, that even if Section 13 of the Act applies to medical benefits, claimant has complied with its provisions. The contention of appellee is that notice of election

to sue a third party, filed with the deputy commissioner, constitutes a claim sufficient to meet the requirement of Section 13. We think appellee's contention is a sound one; hence, it is not necessary for us to decide whether or not the provisions of Section 13 are applicable to claims for medical benefits.

The only appellate case called to our attention passing upon this question is Weyerhaeuser Timber Co. v. Marshall, 9 Cir., 1939, 102 F.2d 78, in which case the court held that the filing of an election to sue a third party, pursuant to Section 33 of the Act, 33 U.S.C.A. § 933, constituted a proper compliance with Section 13.[1] We think that decision is a correct one, and in harmony with the oft-reiterated rule of construction that the Longshoremen's Act should be construed liberally in favor of the injured employee. See Union Stevedoring Corp. v. Norton, 3 Cir., 1938, 98 F. 2d 1012.

For the foregoing reasons, the order of the district court will be affirmed.

---

1. The Longshoremen's Act was modeled after the New York Workmen's Compensation statute, and New York decisions construing that statute prior to 1927 are entitled to some weight. Employers' Liability Assur. Corp. v. Monahan, 1 Cir., 1937, 91 F.2d 130; Case v. Pillsbury, 9 Cir., 1945, 148 F.2d 392.

New York has held in Ridout v. Rogers & Hagerty, 1918, 224 N.Y. 711, 121 N.E. 88, that the filing of an election to sue a third party operates to stop the running of the limitation period. See also Sienko v. Bopp & Morgenstern, 1928, 248 N.Y. 40, 161 N.E. 324.