In the Matter of the Claim of MAY A. KEENHOLTS, Respondent, against THE BAYER COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued October 3, 1933; decided November 21, 1933.)

*F. A. W. Ireland* for appellants.

*Ransom H. Gillett* for claimant, respondent. Where an injured employee has been awarded compensation and subsequently dies as a result of the accident, so much of the award as was not paid to him in his lifetime is payable to the widow or other dependents. (*Matter of Bogold* v. *Bogold,* 218 App. Div. 676; 245 N. Y. 574; *Matter of Hughes* v. *St. Patrick's Cathedral,* 218 App. Div. 796; 245 N. Y. 201; *Matter of Sienko* v. *Bopp & Morgenstern,* 222 App. Div. 398; 248 N. Y. 40.)

*Per Curiam.* Upon appeal to the Appellate Division the parties stipulated " That the issue on this appeal is whether a schedule award under Par. (E), Sub-div. 3 of Sec. 15, W. C. L., made for the loss of claimant's left eye is payable to the widow of the deceased claimant in addition to the death benefits provided for in Sec. 16, W. C. L., where death resulted from the injuries."

The Appellate Division apparently accepted the statement of the stipulation that the award had in fact been made, and held that it was payable to the widow in addition to death benefits. The parties have taken this to mean that when the schedule award was made there was a vested right to full payment for one hundred and sixty weeks, which right passed in full to the widow upon the death of claimant. The contention of the appellants here is that where death results from the injury the widow is entitled, in addition to death benefits, only to the compensation due at the time of the death.

We take the case as it comes to us under the stipulation and hold upon the authorities cited by the Appellate Division (Workmen's Compensation Law; Cons. Laws, ch. 67, § 33; *Matter of Sienko* v. *Bopp & Morgenstern,* 248 N. Y. 40; *Matter of Hughes* v. *St. Patrick's Cathedral,* 245 N. Y. 201) that the contention of the appellants is right. Assuming that a schedule award was made during the lifetime of the claimant, upon the death of the claimant, resulting from the injuries, the award was supplanted by the death benefits and all the widow could claim was the portion, if any, of the award unpaid down to the time of claimant's death.

The order of the Appellate Division should be reversed and the claim remitted to the State Industrial Board for an award in accordance with this opinion and upon the facts as they may exist, without costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.