In the Matter. of the Claim of MARY WALSH, as Administratrix, etc., of MILDRED D. GRAVES, Deceased, and as Guardian of JOAN GRAVES, Minor Child on Account of the Death of JEROME C. GRAVES, Deceased, Appellant, against TIDEWATER OIL SALES COMPANY, Employer, and the LIBERTY MUTUAL INSURANCE COMPANY, Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 11, 1942.

*Miller & Ringwood* [*John W. Miller* and *Joseph Saidel* of counsel], for the appellant.

*Ainsworth & Sullivan* [*John J. Conners, Jr.,* of counsel], for the employer and insurance carrier, respondents.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board, respondent.

HILL, P. J. Appeal by the administratrix of the deceased wife and the guardian of the minor child of Jerome C. Graves, deceased employee.

He was injured and died on June 10, 1933. The State Industrial Board decided on July 24, 1936, that claims for death benefits did not come within the provisions of the Workmen's Compensation Law. The findings contained this paragraph:

" Jerome C. Graves left him surviving Mildred Graves, his widow, Joan Graves, minor daughter, born March 8, 1932, and Jerome Graves, father, born September 5, 1869, who was dependent upon the deceased."

The decision of the Board was reversed by this court (249 App. Div. 911), and the claim remitted to the Industrial Board. Thereafter the employer and carrier appealed to the Court of Appeals and the decision of this court was affirmed (275 N. Y. 583).

The decision in this court was made in January, 1937. Mildred Graves, the widow, died on May 7, 1937. The respondents assert that there was no award in effect at the time of her death and that none could be made thereafter. The Court of Appeals by entertaining and deciding the appeal, determined that the order of this court was final. This because it only remained for the Industrial Board to perform the " mechanistic process of putting in force the decision of the Appellate Division." (*Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320, 321.) " The point is taken on the part of the respondents that an appeal to this court was not authorized, because the judgment of the Supreme Court was not final. But it was final so far as pertained to any judicial action. There was to be no further litigation or judicial inquiry, and no further exercise of judicial discretion. Everything was finally settled and determined. The further action of the surrogate was simply to conform his decree to the judgment of the Supreme Court. In such a case the judgment of the General Term is so far final as to justify an appeal to this court." (*Stimson* v. *Vroman,* 99 N. Y. 74, 79.) The wage rate of the decedent had been proven to be thirty-four dollars and sixty-two cents a week. The widow was entitled to forty per cent thereof as death benefits. (Workmen's Comp. Law, § 16.) Thus the making of the computation was all that remained for the Industrial Board, as the Court of Appeals has determined that the January, 1937, order of this court was final.

If a party to an action dies after a decision, or interlocutory judgment, but before final judgment is entered, the court must enter the final judgment, unless the decision is set aside. (Civ. Prac. Act, § 478.) Except where the Workmen's Compensation Law otherwise provides, " appeals shall be subject to the law and practice

applicable to appeals in civil actions." (Workmen's Comp. Law, § 23.)

The right to death benefits became vested in January, 1937, when this court made its final order, afterwards affirmed by the Court of Appeals. (*Matter of Miller* v. *Pierson & Williams*, 253 N. Y. 541; *Matter of Gonzales* v. *Allerton Operating Corp.*, 249 App. Div. 664; motion for leave to appeal to the Court of Appeals denied, 273 N. Y. 679.) Death benefits are computed from the date of death. (*Matter of Burak* v. *Lockport Light & Heat Corp.*, 256 N. Y. 577.)

The Industrial Board should compute the widow's death benefits at forty per cent of decedent's wages, and make an award therefor beginning at the date of the employee's death, June 10, 1933, continuing to her death, May 7, 1937, and from that time at the rate of fifteen per cent of the wages to the minor child. The award should carry interest as though made on the date when the decision of this court in January, 1937, became effective.

The decision should be reversed and matter remitted to the Industrial Board, with costs to the appellant against the employer and insurance carrier.

CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Decision reversed and matter remitted to the Industrial Board, with costs to the appellant against the employer and insurance carrier.