■ In the Matter of Claim of LENA BROWN, as Administratrix of the Estate of SADIE DAVIS, Deceased, Appellant, against CENTRAL COAL COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant, as administratrix of the estate of Sadie Davis, from a decision of the Workmen's Compensation Board dismissing the claim of Sadie Davis for death benefits as the widow of Richard Davis, on the ground that the claim had abated upon her death. Richard Davis was injured on July 2, 1948, and died on October 9, 1948, as a result of the injury. He was survived by his widow Sadie. She was committed to the Pilgrim State Hospital as an incompetent in 1949 and a committee of her property was appointed and the committee filed a claim for death benefits. Numerous hearings were held during the years 1950 to 1954 and the hearings were still going on in 1955. The reasons for the long period of delay do not appear in the shortened record upon which this appeal has been argued. The claim was controverted by the employer and carrier upon the grounds that the deceased had not suffered an accident; that notice of death had not been given within the statutory period and that the death of the deceased was not the result of any compensable injuries. The status of Sadie Davis as the widow of the decedent was also put in issue. At a hearing held on April 1, 1955, the employer and carrier rested their case on the issue of causal relationship. Thereupon, according to the statement of facts submitted in the record in lieu of a transcript of the proceedings, the referee "ruled that the death of the deceased claimant, Richard Davis, was due to an industrial accident". A further hearing was held on May 10, 1955, at which additional evidence on the issue of the marital status of Richard and Sadie Davis was presented on behalf of the claimant. In a decision dated and filed June 6, 1955, the referee ruled that Sadie Davis was the legal widow

of the deceased. However, according to the so-called statement of facts, the referee "continued the case on issues of accident, notice and causal relation". At least with respect to the issues of accident and causal relation, this seems to have been an inadvertence, since those issues had been disposed of by the ruling of April 1, 1955. On June 23, 1955, the employer and insurance carrier applied to the board for a review of the referee's finding of a valid marriage between Richard and Sadie Davis. Oral argument before a panel of the board on that issue was held on October 5, 1955. Apparently, no further hearing had been held or requested with respect to the other issues which had been originally raised by the employer and carrier. It appears from the memorandum of decision handed down by the board on November 2, 1955, that, at some time prior to that date, the carrier "conceded the issues of accident, notice and causal relationship". The exact date of the concession and the manner in which it was made are not ascertainable from the record. In its decision of November 2, 1955, the board found that Sadie Davis was the legal widow of the deceased and affirmed the referee's finding in that regard. It appears that the status of Sadie Davis as the widow of the decedent had been the subject of prolonged controversy and had been before the board on review of prior decisions by the referee in 1953 and in 1954. With that issue out of the way, there seemed to be no further obstacle to the granting of an award on the date of the board's decision. However, in the meantime, on September 22, 1955, Sadie Davis had died. In its decision of November 2, 1955, the board held that the widow's claim had abated upon her death and it made awards totaling $2,000 to the Special Funds, pursuant to the sections providing for payment to the Special Funds in death cases where there are no persons entitled to compensation (Workmen's Compensation Law, § 15, subd. 9; § 25-a, subd. 3). The administratrix of the widow's estate thereupon appealed to this court, seeking an award of the death benefits which had accrued in favor of the widow during her lifetime. It is unquestioned that, if an award had been made prior to her death, the estate of the widow would have been entitled to the installments which accrued between the date of the death of the decedent and the date of the death of the widow, even though such installments had not actually been paid prior to her death (*Matter of Miller* v. *Pierson & Williams*, 227 App. Div. 675, affd. 253 N. Y. 541). However, there is a line of cases in the Court of Appeals, all decided without opinion, which we may assume the board followed, although it did not cite them, holding that a claim for death benefits abates, if the beneficiary dies prior to the making of an award (*Matter of Chrystal* v. *United States Trucking Corp.*, 250 N. Y. 566; *Matter of White* v. *Donner Steel Co.*, 259 N. Y. 574; *Matter of Barrett* v. *Burnett*, 262 N. Y. 670). The claims for death benefits in those cases were based upon deaths which had occurred respectively in 1918, 1927 and 1931. It may be questioned whether the rule laid down is still in effect, in view of the legislative policy against the abatement of personal injury claims, both under the Workmen's Compensation Law and under the Decedent Estate Law, embodied in chapter 615 of the Laws of 1922 and chapter 904 of the Laws of 1945, amending section 33 of the Workmen's Compensation Law, and chapter 795 of the Laws of 1935, amending sections 119 and 120 of the Decedent Estate Law (see *Van Beeck* v. *Sabine Towing Co.*, 300 U. S. 342, 351, CARDOZO, J.). Apart from the impact of the statutory changes upon the rule laid down in the three cases cited, the cases may be distinguished upon their facts. In the *White* case, payment had actually been made to the Special Funds and an effort was made to reopen the case 11 years later to obtain an award of death benefits on behalf of the widow who had died in the meantime.

In the *Barrett* and *Chrystal* cases, the widow survived the deceased workman only for a short time, a few days in one case and a few weeks in the other, and the claim for death benefits for that short period may have been regarded as *de minimis* as against the claims of the Special Funds. We shall, however, assume for the purpose of this appeal that the rule of the cited cases still prevails. However, there is a recognized exception to the rule into which this case may fall. It has been held that the claim of the beneficiary does not abate if there had been a determination of the claim in her favor on the merits prior to her death, even though a formal award had not been entered (*Matter of Walsh* v. *Tidewater Oil Sales Co.*, 263 App. Div. 514, 266 App. Div. 932, affd. 293 N. Y. 714). This result was reached by applying section 478 of the Civil Practice Act, providing that " If either party to an action dies after * * * a verdict, report or decision * * * but before final judgment is entered, the court must enter final judgment in the names of the original parties ". The Civil Practice Act section has been held to be applicable by analogy to proceedings under the Workmen's Compensation Law (*Matter of Walsh* v. *Tidewater Oil Sales Co.*, *supra*; see, also, dissenting opinion of Judge FROESSEL in *Zielinski* v. *General Motors Corp.*, 1 N Y 2d 424, 426). While this opinion was a dissenting one, it does not appear that the majority of the court differed with the dissenting Judges on the applicability of section 478 to workmen's compensation proceedings. It is impossible to determine upon the record before us whether the doctrine of the *Walsh* case is applicable here. It does not appear whether the concession as to the issues other than the marital status of the claimant was made before or after the death of the claimant. If those issues were disposed of prior to her death, either by decision by the referee or by concession by the parties, there was a complete determination on the merits in her favor prior to her death. The issue of marital status had been decided by the referee in favor of the claimant on June 6, 1955. The referee's decision was final, subject only to review by the board and ultimate appeal to the courts. " The decision of a referee on such a claim shall be deemed the decision of the board from the date of the filing thereof in the office of the secretary of the board unless the board, on its own motion or on application duly made to it, modify or rescind such decision " (Workmen's Compensation Law, § 150). The decision of the board is therefore reversed, without costs, and the matter is remitted to the board to inquire into the question of whether there had been a determination on the merits in favor of the widow of all issues as to which there was a genuine controversy prior to her death, and to take such further proceedings as it may be advised. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.