■    In the Matter of the Claim of MARION WAKEFIELD, Respondent, v. GUS SCHLAIER'S SONS IRON WORKS et al., Appellants.   WORKMEN'S COMPENSA- TION BOARD, Respondent.— Appeal by employer and carrier from a posthumous award to decedent's widow of 100% loss of use of the right foot, plus 363⅔ weeks protracted healing period.   Decedent suffered an industrial accident to his right foot on September 19, 1951, which eventually resulted in a midtarsal amputation.   On April 18, 1952, decedent sustained a consequential causally related accident resulting in burns to both feet.   Decedent died from unrelated causes on June 7, 1959.   The carrier paid compensation on the basis of total disability until decedent's death.   The total disability was based upon the con- dition of both feet and an unrelated condition of diabetes and coronary disease. At a hearing subsequent to death the attending physician testified that had decedent lived there was a reasonable expectancy that the condition of the left foot would heal, and it was within the province of the board to decide as a fact that there would remain only the amputation of the right foot, which is the subject of a schedule award, and in the discretion of the board an award can be made posthumously.   (Workmen's Compensation Law, § 15, subds. 4, 4-a; § 33; *Matter of McCarty* v. *U. S. Trucking Corp.,* 255 App. Div. 741, affd. 281 N. Y. 704.)   Award unanimously affirmed, with costs to the Workmen's Com- pensation Board.   Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.