■ In the Matter of the Claim of DAVID L. HARRIS, Appellant, v. CELBERT GARAGE CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by the claimant, as administrator of the estate of Sarah Harris, from a decision of the Workmen's Compensation Board which reversed the Referee's decision granting an award to a dependent mother. On January 8, 1965 an award was made by the Referee to both the decedent's widow and his mother. Upon appeal the board reversed so much thereof as granted an award to the mother on the ground that her claim for benefits abated upon her death on December 26, 1964. After the decedent-employee's death on October 11, 1963 a series of hearings were held which continued on through December 30, 1964. The claim was controverted by the employer and carrier upon the grounds of accident notice, causally related death and dependency. According to the statement of facts submitted in the record in lieu of a transcript of the proceedings, the " basic issues of accident notice and causally related death were established at a Referee hearing on January 6, 1964. The carrier raised issues of dependency of the parent, and the case was continued." When the case subsequently appeared on the calendar on December 14, 1964, both sides were heard on the issue of dependency and on December 30, 1964 the Referee " issued his decision finding that Mrs. Sarah Harris was partially dependent upon the deceased", the award being dated January 8, 1965. The sole issue raised is whether the mother's claim abated on her death and prior to the award made by the Referee. As we stated in *Matter of Brown* v. *Central Coal Co.* (3 A D 2d 867, 868), " It is unquestioned that, if an award had been made prior to her death, the estate of the widow [in that case] would have been entitled to the installments which accrued between the date of the death of the decedent and the date of the death of the widow, even though such installments had not actually been paid prior to her death (*Matter of Miller* v. *Pierson & Williams*, 227 App. Div. 675, affd. 253 N. Y. 541)." Here, at the time of the mother's death neither the issue of dependency had been

resolved nor had an award been made. Although the Court of Appeals' decisions cited in *Brown* (*Matter of Chrystal* v. *United States Trucking Corp.*, 250 N. Y. 566; *Matter of White* v. *Donner Steel Co.*, 259 N. Y. 574; *Matter of Barrett* v. *Burnett*, 262 N. Y. 670) antedated the new legislative policy implicit in the amendments to the Decedent Estate Law and the Workmen's Compensation Law also referred to in *Brown*, the Legislature has not acted since the *Brown* decision and we remain bound by the Court of Appeals' decisions above enumerated. Critical to the issue before us is the fact that compensability to the mother had not been decided prior to her death. The fact that all issues other than dependency had been determined prior to her death does not alter the fact that there had not been a *determination of the claim* in her favor on the merits prior to her death. While we recognize that such a claim does not abate if there had been a determination of the claim in her favor on the merits prior to her death, even though a formal award had not been entered (*Matter of Walsh* v. *Tidewater Oil Sales Co.*, 263 App. Div. 514, 266 App. Div. 932, affd. 293 N. Y. 714; CPLR 5016, subd. [d]), an integral part of the claim (dependency) had not been determined and we are, therefore, constrained to hold that the claim of the mother had abated upon her death. Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.