In the Matter of the Claim of MARY RILEY, Respondent, v SYRACUSE UNIVERSITY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 24, 1977

*John P. Sullivan* for appellants.

*William G. Kinane* for Mary Riley, respondent.

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. The deceased employee sustained a compensable injury to his right ankle (achilles tendon) on June 19, 1974. The board thereafter indexed the claim but the employee died on August 31, 1974 before an award had been made. Following the death, the claimant widow filed for death benefits on October 10, 1974. It is undisputed that the death was caused by the compensable injury of June 19, 1974.

A referee found that the employee's injury of June 19, 1974 had caused a 10% schedule loss of the right foot (Workmen's Compensation Law, § 15, subd 3) (all statutory references hereinafter are to the Workmen's Compensation Law unless otherwise specified) and made a posthumous award of 20.5 weeks of compensation for the period of time from June 19, 1974 to November 11, 1974 to the widow. The referee also awarded the widow death benefits pursuant to section 16 to commence from the date of death. The appellants appealed the decision to the board upon the ground that the posthumous schedule award was prohibited by paragraph a of subdivision 4 of section 15 if a death award was proper and also upon the ground that the widow had not proven that death was causally related to the June 19, 1974 incident.

The board in its decision of November 14, 1975 affirmed the award of a schedule loss of 20.5 weeks from June 19, 1974 until November 11, 1974 and also affirmed the award of death

benefits. By a letter dated November 26, 1975 the appellant insurance carrier advised the board that it was filing a notice of appeal, but requested that the board give further consideration to its allegation that the posthumous award should only be for the period from June 17, 1974 until August 31, 1974. Apparently in response to this letter, the board on February 26, 1976 amended its prior decision so as to modify the referee's schedule award to be "from June 19, 1974 * * * to August 31, 1974 * * * a total of $1004 to reimburse employer for wages paid."

Upon the present record it appears that the effect of the board's action on February 26, 1976 was to deny any payment of the schedule award to the widow for the period of 9.9 weeks following death and for which she would be receiving death benefits pursuant to section 16. Nevertheless, the appellants have viewed the February 26, 1976 modification as simply providing for reimbursement to the employer of wages paid after the injury. Upon this appeal the board in its brief does not argue that the schedule award no longer pays benefits for the period from August 31, 1974 to November 11, 1974 and it affirmatively asserts that the weekly benefits duplicating the death benefit award from August 31, 1974 to November 11, 1974 may be granted. Under these circumstances we feel it proper to reach the merits of the case.

The *sole* question issued on this appeal is whether or not a posthumous schedule award may be paid for *weeks following death*.

The answer to this question is mandated by decisions of the Court of Appeals in the cases of *Matter of Keenholts v Bayer Co.* (263 NY 77) and *Matter of Sienko v Bopp & Morgenstern* (248 NY 40). Subdivision 4 of section 15 expressly limits a posthumous award to a "case of death arising from causes other than the injury" and in this case death was the result of the injury (see *Matter of Sienko v Bopp & Morgenstern, supra,* pp 43, 44). Section 33 authorizes an award of benefits after the employee is dead; however, it does not authorize a schedule award for weeks after death where the death was caused by the injury (see *Matter of Crowson v Bohack & Co.,* 279 App Div 1101). In the *Keenholts* case the court held that a schedule award could not duplicate an award for death benefits when the injury caused the death. While there are no recent decisions directly in point, there appears to be no reason to overrule well-established law.

Accordingly, the appellants are correct in asserting that a posthumous schedule award for injuries which result in death must be limited solely to the period of time preceding death (cf. *Matter of McCoy v Flinn Corp.,* 15 AD2d 704; *Matter of Wilkosz v Symington Gould Corp.,* 14 AD2d 408).

The decision should be modified by reversing so much thereof as affirms the referee's decision awarding posthumous schedule benefits for the period subsequent to August 31, 1974; the matter should be remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, MAIN and LARKIN, JJ., concur.

Decision modified by reversing so much thereof as affirms the referee's decision awarding posthumous schedule benefits for the period subsequent to August 30, 1974; matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs.