In the Matter of the Claim of EDWARD STATTEL, JR., Appellant, v E. M. EBERT, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, August 4, 1977

*Lerner & Lippe (Daniel S. Lerner* of counsel), for appellant.

*Peter M. Pryor (Joseph F. Manes* of counsel), for State Insurance Fund, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

KOREMAN, P. J. This is an appeal from a decision of the Workmen's Compensation Board, filed July 24, 1975, which reversed a referee's decision awarding death benefits to the estate of the widow of the deceased employee.

In reversing the referee, the board determined "that no rights to death benefits are vested prior to making of an award; that payment of death benefits to the deceased legal widow's estate is not in order, and that non-dependency award should be made to Special Funds, 25A and 15-9." We do not agree.

By decision filed October 4, 1973 and amended decision filed November 13, 1973, the referee found that Dorothy Stattel was the lawful widow of Edward Stattel, Sr., who died as a result of injuries sustained in the course of his employment, and the case was closed. On November 23, 1973 the carrier applied to the board for review of the referee's decisions on the question of whether claimant was the lawful widow and requested that the case be restored to the referee's calendar for the production of further evidence on that issue. It was not until April 25, 1974 that the board accepted the case for review. In the meantime the claimant widow died on March 8, 1974. Following the death of the claimant, in a decision filed July 10, 1974, the board modified the referee's decision by "rescinding the finding that Dorothy Stattel was the lawful widow and satisfactory proof of marriage had been submitted" and restored the case to the referee's calendar. In his decision filed November 8, 1974, the referee again found that Dorothy Stattel was the legal widow surviving the deceased Edward Stattel, Sr., and further found that the said legal widow died on March 8, 1974 and that all unpaid death benefits and the amount of the funeral bill are to be paid to the only surviving legal issue of said Dorothy Stattel; namely, Edward Stattel, Jr. This appeal from the board's reversal of the referee's decision ensued.

Subdivision (b) of section 150 of the Workmen's Compensation Law provides, as pertinent here, that the decision of the referee on a claim for compensation benefits shall be deemed the decision of the board unless the board modifies or rescinds such decision. Thus, the referee's decision in the instant case was final, subject only to review by the board and possible appeal to the courts *(Matter of Brown v Central Coal Co., 3 AD2d 867)*. It is clear that on the date of her death, the referee's finding that the claimant was the lawful widow had not been modified or rescinded by the board. Her rights to benefits as a widow, therefore, had vested in her at the time of her death. We conclude that since there had been a complete determination of the widow's claim in her favor prior to her death, the claim did not abate, and the award is payable to her estate *(Matter of Brown v Central Coal Co., supra;* see, also, *Matter of Harris v Celbert Garage Corp.,* 29 AD2d 606).

The decision should be reversed, with costs, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.

SWEENEY, KANE, LARKIN and HERLIHY, JJ., concur.

Decision reversed, with costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.