In the Matter of the Claim of SYLVIA MEDRESS, Appellant, v BOND CLOTHES COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, February 21, 1985

**APPEARANCES OF COUNSEL**

*Cascione, Chechanover & Purcigliotti, P. C. (Victor H. Chechanover* of counsel), for appellant.

*Charles J. Jones (Victoria E. Manes* of counsel), for Bond Clothes Company and another, respondent.

**OPINION OF THE COURT**

KANE, J. P.

Claimant's decedent sustained a compensable injury to his left hand on July 22, 1969. Treatment for that injury accelerated the growth of an existing malignant tumor in the hand which ultimately spread, causing his death from lung cancer on March 11, 1978. A scheduled award for 90% loss of use of the left arm was reversed by decision of the Workers' Compensation Board filed December 16, 1976, for the reason that there was a continuing active malignant process underway which was not static and, thus, decedent's condition was not medically amenable to a schedule loss. The case was restored to the Referee Calendar for the making of an award in accordance with the Board's findings. At issue on this appeal is whether claimant is entitled to decedent's schedule loss as well as the death benefits. The Board decision appealed from affirmed a finding that the schedule loss

merged into the death claim, stating that "the condition of decedent's left arm during his lifetime never reached a permanent status and therefore the claimant-widow is not entitled to a posthumous schedule award". We disagree.

This court has held that an award for continuing disability benefit, rather than a schedule award, should be made when there is a continuing need for medical treatment because a claimant's medical condition is unsettled (*Matter of Clifford v Larkin Rest.*, 31 AD2d 866). However, awards for a schedule loss and for death benefits are not necessarily mutually exclusive when, as here, there is a causal relationship between the established accident and death (*Matter of Fonda v Fort Plain Enters.*, 75 AD2d 696). Under such circumstances, the limiting factor is that a schedule award cannot be paid for weeks subsequent to death, for obviously the award would duplicate the death benefits when the injury ultimately caused the death (Workers' Compensation Law § 15 [4]; *Matter of Keenholts v Bayer Co.*, 263 NY 77).

Here, the determination of the percentage of the schedule loss was held in abeyance until a determination of the extent of decedent's disability could be determined. This is implicit in the Board's decision filed December 16, 1976, since the record clearly demonstrates from the testimony of the Board's medical examiner on April 9, 1976, upon which the Board relied in its decision, that decedent had a schedule loss of about 90%, but because his carcinoma was progressing, it was, as a matter of policy, not subject to classification. Therefore, since an award for disability may be made after the death of the injured employee (Workers' Compensation Law § 15 [4]; § 33), the case should be continued to determine the appropriate award (*Matter of Riley v Syracuse Univ.*, 56 AD2d 163; Minkowitz, Practice Commentary, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 33 [1984-1985 Pocket Part], p 260).

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Decision reversed, with costs against the employer and its insurance carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.