■ In the Matter of the Claim of ROSE RAPPAPORT, Respondent, v CIMEX INTERNATIONAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J.

Claimant's decedent, employed as a warehouse manager, sustained a compensable injury to his foot on December 29, 1977. Due to decedent's underlying diabetic condition, his foot became infected, requiring hospitalization on January 5, 1978 and again on February 27, 1978. During the second hospitalization, claimant suffered a myocardial infarction precipitated by his diabetic condition. Decedent never returned to work and his disability continued until his death on June 15, 1982. While the employer and its carrier vigorously controverted the finding of causation before the Workers' Compensation Board, they do not contest that issue on this appeal.

The sole issue presented is whether the Board erred in making an award for compensation benefits after decedent's death. A review of the record shows that this case was extensively litigated and virtually all medical testimony had been taken prior to decedent's death on June 15, 1982. On May 17, 1982, Dr. Robert Ulberg, an impartial specialist, was examined as the last medical witness. At the carrier's request, however, the Hearing Officer scheduled a second hearing for July 30, 1982 to allow further examination of Dr. Ulberg, whose testimony supported the causation theory. At the time the second hearing was held, the participants were unaware that decedent had since passed away. Essentially, the employer and its carrier contend that since medical testimony was taken after June 15, 1982 and the Hearing Officer's determination establishing causal relation was not rendered until October 18, 1982, decedent's claim abated with his death. We disagree. Workers' Compensation Law § 33 specifically authorizes an award for disability after the death of an

injured employee *(see, Matter of Medress v Bond Clothes Co.,* 107 AD2d 71, 72; *Matter of Riley v Syracuse Univ.,* 56 AD2d 163, 165; Minkowitz, Practice Commentary, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 33, p 272 [1986 Supp]). It follows that where a claim is controverted, the case may be continued after the death of the employee to resolve the issues in controversy. This rule is particularly appropriate in the instant matter where, but for the carrier's request for a second opportunity to examine Dr. Ulberg, the testimony would in all likelihood have been completed prior to decedent's passing. Consequently, the claim did not abate at decedent's death and the Board properly rendered the award. In so deciding, we note that the reliance by the employer and its carrier on cases involving claims for death benefits, which abate if the beneficiary dies prior to the making of an award *(see, e.g., Matter of Harris v Celbert Garage Corp.,* 29 AD2d 606; *Matter of Brown v Central Coal Co.,* 3 AD2d 867), is completely misplaced with respect to the instant claim for disability benefits.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.