In the Matter of the Claim of CATHERINE ANGELO, Respondent, v NEW YORK STATE ASSOCIATION OF LEARNING DISABLED et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [633 NYS2d 693] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 18, 1994, which ruled that claimant was entitled to receive workers' compensation benefits.

Claimant, a student at the College of St. Rose (hereinafter St. Rose) in the City of Albany, was required to complete several internships to achieve her degree in speech therapy. For her last such assignment, claimant was placed at the New York State Association of Learning Disabled's Wildwood School, a facility that had agreed to provide internship opportunities for St. Rose students. In the course of her duties there, she was injured. When claimant applied for workers' compensation benefits, a dispute arose with respect to whether she had an employer-employee relationship with Wildwood. The Workers' Compensation Board ultimately found that Wildwood had benefitted from claimant's services, because she had performed the duties of an unreplaced speech therapist who was on maternity leave, and that the institution had exercised sufficient control over claimant's performance of those services to create an employer-employee relationship. Wildwood and its compensation carrier (hereinafter collectively referred to as Wildwood) appeal the Board's determination.

After claimant and her witness testified, Wildwood sought to call its employee, who had served as claimant's field instructor, to testify about the benefit the institution had purportedly received as a result of the internship. Specifically, Wildwood sought to refute claimant's assertion that, had she not been present, the duties of the therapist on maternity leave would have gone unperformed. The Workers' Compensation Law Judge (hereinafter WCLJ) concluded that the record was sufficient without this additional testimony and closed the record.

Wildwood is entitled to an opportunity to be heard (*see, Matter of Hecht v Monaghan*, 307 NY 461, 470; *cf., Matter of Rauer v State Univ.*, 159 AD2d 835, 836) and, claimant's contrary view notwithstanding, we are of the opinion that it has preserved this right, by raising and arguing the matter at every opportunity, not only before the WCLJ, but also during oral argument before the Board. Inasmuch as the Board reversed the WCLJ on the specific factual issues with respect to which Wildwood sought to introduce evidence, the determination must be reversed, and the matter remitted to permit Wildwood to develop its position on the record.

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.