■ In the Matter of the Claim of JEAN DELLAUNIVERSITA, Appellant, v TEK PRECISION COMPANY LTD., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [674 NYS2d 803] —Appeal from a decision of the Workers' Compensation Board, filed June 3, 1997, which ruled that claimant's claim for workers' compensation death benefits abated upon her death.

In 1987, claimant's husband (hereinafter decedent) suffered a work-related cerebral vascular accident. When decedent later died of cardiopulmonary arrest, claimant, as his widow, filed a claim for workers' compensation death benefits. Hearings ensued on the contested issue of whether decedent's death was causally related to the 1987 incident. Claimant died, leaving no dependents of her own, before causal relationship was established and the Workers' Compensation Board ruled that her claim for workers' compensation death benefits abated upon her death. We are constrained to agree. While a claim for workers' compensation death benefits will not abate upon a claimant's death where there has been a determination on the merits in the claimant's favor (see, Matter of Stattel v Ebert, 59 AD2d 60, 62; Matter of Brown v Central Coal Co., 3 AD2d 867), here, causal relationship, an integral part of the claim, had yet to be determined at the time of claimant's death. The fact that all other issues relevant to the claim had been previously decided in claimant's favor does not mandate a contrary result (see, Matter of Harris v Celbert Garage Corp., 29 AD2d 606, 607).

Mercure, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.