■ In the Matter of the Claim of ESTATE OF JOHN SEITZ, Deceased, Appellant, v JACOBSON & COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 473]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 27, 2003, which ruled, inter alia, that claimant's supplemental application for review was untimely.

In October 1993, John Seitz (hereinafter decedent), a former sheet metal worker, died of metastatic small cell anaplastic lung cancer due to asbestosis, and his surviving spouse thereafter filed the instant claim for workers' compensation death benefits. Decedent's surviving spouse died, however, before causal relationship was established, and a Workers' Compensation Law Judge (hereinafter WCLJ) closed the case. The surviving spouse's attorney thereafter wrote to the Workers' Compensation Board requesting that the case be reopened on behalf of decedent's estate to resolve outstanding issues regarding causally related death and the estate's entitlement to an award. The case was reopened but, by decision filed December 20, 2002, a WCLJ ruled that the surviving spouse's claim for death benefits abated upon her death.

Thereafter, on January 9, 2003, the estate filed an application for Board review requesting that the WCLJ's decision be reversed and the matter restored to the calendar for a determination as to causally related death and an award of benefits to decedent's estate. By letter dated February 13, 2003, the Board's Office of Appeals advised counsel for decedent's estate that the application for review failed to specify the grounds therefor and, "[a]ccordingly, the determination of [the estate's] appeal [would] be held in abeyance for thirty (30) days, pending receipt of [the estate's] supplemental application." Counsel then filed such supplemental application, wherein he asserted that decedent's estate was entitled to $50,000 in death benefits pursuant to Workers' Compensation Law § 16 (4-b), on March 10, 2003. A

Board panel, however, concluded that the supplemental application was untimely, refused to consider the arguments raised therein and, relying upon this Court's prior decision in *Matter of Dellauniversita v Tek Precision Co.* (251 AD2d 874 [1998]), found that the death benefit claim abated upon the death of decedent's surviving spouse. This appeal by decedent's estate ensued.

We reverse. To be sure, a party seeking review of a WCLJ's decision must file an application for review and specify the grounds therefor with the Board within 30 days of the filing of the underlying decision (*see* Workers' Compensation Law § 23; 12 NYCRR 300.13 [a]; *Matter of Priola v Andrews Staffing*, 305 AD2d 900, 901 [2003]), and the Board is vested with broad discretion to reject a late or supplemental application for review (*see* 12 NYCRR 300.13 [e] [1], [2]; *Matter of Warren v Gallant Knight Sec.*, 301 AD2d 854, 855 [2003]). Here, the initial application for review was filed in a timely fashion and, to the extent that it was deficient in failing to specify the grounds therefor, the February 13, 2003 letter from the Board's Office of Appeals made plain that the estate's appeal would be held in abeyance for 30 days, pending receipt of the estate's supplemental application for review. Although that supplemental application, filed on March 10, 2003, was filed beyond the 30-day period set forth in Workers' Compensation Law § 23, it nonetheless was filed within the 30-day period allotted by the Board's February 13, 2003 letter. The Board having established a time frame during which the estate's supplemental application for review could permissibly be filed, it was an abuse of discretion for a Board panel to thereafter deny such application upon the ground that it was untimely and refuse to consider the grounds for review set forth therein—namely, the applicability of Workers' Compensation Law § 16 (4-b). Accordingly, the underlying decision is reversed and this matter is remitted to the Board for additional proceedings.

We note in passing that contrary to the carriers' contention, our prior decision in *Matter of Dellauniversita v Tek Precision Co.* (251 AD2d 874 [1998], *supra*), upon which the Board panel relied, is not dispositive of this matter inasmuch as the decedent in that case died prior to the effective date of Workers' Compensation Law § 16 (4-b). Moreover, counsel for decedent's estate has cited a number of Board panel decisions in support of the estate's contention that the underlying death benefit claim did not abate upon the death of decedent's surviving spouse (*see Matter of Morano Excavating Mfg.*, 2003 WL 22437466 [WCB No. 0974 3224, Oct. 20, 2003]; *Matter of House of Fabrics*, 2001

WL 963049 [WCB No. 6970 9503, Jan. 22, 2001]; *Matter of West Seneca State School*, 1999 WL 1039404 [WCB No. 89308228, Oct. 14, 1999]). While the carriers are correct that such decisions are not binding upon this Court, the Board panel's apparent and unexplained departure here from prior Board precedents provides an alternate basis for reversal (*see Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 516-517 [1985]).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.