Matter of Scano v DOCCS Taconic Corr. Facility (2021 NY Slip Op 04063)





Matter of Scano v DOCCS Taconic Corr. Facility


2021 NY Slip Op 04063


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

529423
[*1]In the Matter of the Claim of Nicole Scano, as Administrator of the Estate of Steven Scano, Deceased, Appellant,
v
DOCCS Taconic Correctional Facility et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Law Offices of Joseph A. Romano, PC, New York City (Richard A. Zaberto of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Krystina K. Smith of counsel), for DOCCS Taconic Correctional Facility and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed December 6, 2018, which ruled that the claim abated upon decedent's death.
On March 20, 2017, Steven Scano (hereinafter decedent) was directed to move a car in his employer's snowy parking lot, and that activity purportedly caused his boots and socks to become wet and led to frostbite and a wound on his left foot. When decedent sought treatment approximately two weeks later, his left foot was found to be infected and exhibiting signs of tissue necrosis. Decedent was admitted to the hospital, where he was diagnosed with diabetes, underwent surgeries to amputate a gangrenous toe and to address osteomyelitis, and developed renal failure and secondary anemia. Decedent applied for workers' compensation benefits approximately a month after the alleged accident. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim on grounds of accident, notice and causal relationship, and decedent was scheduled to testify at a hearing and undergo an independent medical examination. Decedent died before either could occur. The matter continued with, among other things, testimony from decedent's widow as to what she knew about the genesis of his injuries and from a physician who had examined decedent, as well as an independent medical review of his medical records. The carrier then argued that the record could not be adequately developed given decedent's death and that, in view of the prejudice caused by its inability to question or have a medical expert examine decedent, the claim should have abated at his death. The Workers' Compensation Board ultimately agreed and disallowed the claim, and this appeal ensued.
We affirm. Where an injured employee dies before his or her workers' compensation claim can be adjudicated, the Board has discretion to continue the proceeding, resolve any controversies and, if appropriate, make an award of workers' compensation benefits (see Workers' Compensation Law §§ 15 [4]; 33; Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d 595, ___, 2021 NY Slip Op 02017, *3 [2021]; Matter of Rappaport v Cimex Intl., 124 AD2d 378, 378 [1986], lv denied 69 NY2d 609 [1987]; Matter of Wakefield v Schlaier's Sons Iron Works, 18 AD2d 1121, 1121 [1963]; Matter of McCarty v United States Trucking Corp., 255 App Div 741, 742 [1938], affd 281 NY 704 [1939]).[FN1] The parties are nevertheless entitled, as a matter of due process, to the "essential element[s] of a fair trial" in resolving those controversies "unless waived," including "the opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal" (Matter of Hecht v Monaghan, 307 NY 461, 470 [1954]; see Workers' Compensation Law §§ 20 [1]; 25 [3]; Matter of Lewis v Stewart's Mktg. Corp., 90 AD3d 1345, 1346 [2011]; Matter of Emanatian v Saratoga Springs Cent. School Dist., 8 AD3d 773, 774 [2004]; Matter of [*2]Angelo v New York State Assn. of Learning Disabled, 221 AD2d 832, 832-833 [1995]). The Board has recognized that those opportunities may be impaired where an injured employee dies in the midst of his or her workers' compensation claim and has, as a result, declined to allow such a claim to proceed where the record is undeveloped and the employer or carrier is unable to cross-examine the deceased claimant regarding "his [or her] allegation of a work-related injury" or subject him or her to an independent medical examination "on controverted issues such as causation and any alleged disability" (Employer: Division of State Police, 2018 WL 1561057, *2, 2018 NY Wrk Comp LEXIS 714, *4 [WCB No. G169 6557, Jan. 23, 2018]; see Employer: Dutchess County Community Coll., 2007 WL 1601313, *2, 2007 NY Wrk Comp LEXIS 3794, *4-5 [WCB No. 5980 1785, April 10, 2007]).
Here, the record was undeveloped, and decedent had not testified or undergone an independent medical examination despite diligent efforts by the carrier to secure both, when he passed away 10 weeks after filing his claim for workers' compensation benefits. The record was thereafter developed with, among other things, testimony from decedent's widow, individuals associated with the employer and a physician who had examined decedent before he died. What was not produced, however, was any direct evidence detailing decedent's work activities on March 20, 2017 or establishing that they led to his worsening physical condition. Indeed, the medical evidence connecting the condition of decedent's left foot to his purported exposure to wet and cold was based on the assumption that his account was accurate, and one of his treating physicians acknowledged that he could have developed the same problems from something as minor as a small cut in view of the fact that he was a diabetic. The foregoing constitutes substantial evidence for the Board's determination that the record was not developed at the time of decedent's death and that the carrier, which would never be able to cross-examine decedent or have him physically examined to learn more about what occurred on March 20, 2017 and how those events led to his injuries, would not have the "opportunity to be heard" to which it was entitled (Matter of Angelo v New York State Assn. of Learning Disabled, 221 AD2d at 832-833). Thus, we perceive no abuse of discretion in the Board's disallowance of the claim.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The same is not true in the context of a workers' compensation death benefits claim, which abates if the claimant dies before an award is made, and the parties' attempts to rely upon cases dealing with those claims are therefore misguided (see Matter of Dellauniversita v Tek Precision Co., 251 AD2d 874, 874 [1998]; Matter of Rappaport v Cimex Intl., 124 AD2d at 378).