Matter of Brady v Town of Warwick (2025 NY Slip Op 07359)

Matter of Brady v Town of Warwick

2025 NY Slip Op 07359

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

CV-25-0385
[*1]In the Matter of the Claim of Kimberly A. Brady, as Executor of the Estate of Scott T. Brady, Deceased, Appellant,
vTown of Warwick et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

Bonacic & McMahon, LLP, Goshen (Peter C. McMahon of counsel), for appellant.
Walsh and Hacker, Albany (Jesse M. Gleason of counsel), for Town of Warwick and another, respondents.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed September 9, 2024, which ruled that the claim abated upon decedent's death.
On April 26, 2023, Scott T. Brady (hereinafter decedent) was injured in the course of his work as a heavy equipment operator for the employer when the excavator he was operating flipped onto its right side. After the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) disputed decedent's contention that he had developed additional psychiatric injuries as a result of the accident, he filed a claim for workers' compensation benefits in August 2023 and requested a hearing on that issue. As decedent died on September 26, 2023, he did not attend either the independent medical examination scheduled for that day or the ensuing hearing. At the hearing, the employer accepted that decedent had sustained head, neck, right shoulder and right leg injuries in the accident but argued that his death prevented the adequate development of the record on the disputed conditions and required the abatement of that portion of the claim. The Workers' Compensation Law Judge rejected that argument, determined that decedent had presented prima facie medical evidence of posttraumatic concussion, headaches and amnesia, as well as adjustment disorder with mixed anxiety and insomnia, and continued the case for further proceedings. Upon administrative review, the Workers' Compensation Board disagreed and modified to reflect the abatement of the claim with regard to those conditions. Decedent appeals.[FN1]
We affirm. Where, as here, "an injured employee dies before his or her workers' compensation claim can be adjudicated, the Board has discretion to continue the proceeding, resolve any controversies and, if appropriate, make an award of workers' compensation benefits" (Matter of Scano v DOCCS Taconic Corr. Facility, 195 AD3d 1325, 1326 [3d Dept 2021]; see Workers' Compensation Law §§ 15 [4]; 33; Matter of Estate of Youngjohn v Berry Plastics Corp., 36 NY3d 595, 600-601 [2021]; Matter of Rappaport v Cimex Intl., 124 AD2d 378, 378 [3d Dept 1986], lv denied 69 NY2d 609 [1987]). As the Board has recognized, however, due process concerns may be implicated in those cases if the claimant's death deprives a party of "the essential elements of a fair trial in resolving those controversies unless waived, including the opportunity to cross- examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal" (Matter of Scano v DOCCS Taconic Corr. Facility, 195 AD3d at 1326-1327 [internal quotation marks, brackets and citation omitted]). The Board is accordingly vested with discretion to "decline[ ] to allow such a claim to proceed where the record is undeveloped and the employer or carrier is unable to cross-examine the deceased claimant regarding his or her allegation of a work-related injury or subject him or her to an independent medical examination on controverted issues [*2]such as causation and any alleged disability" (id. at 1327 [internal quotation marks, brackets and citation omitted]).
Here, decedent's unanticipated death prevented the employer from directly assessing the existence of his psychiatric conditions and their link to the accident via the scheduled independent medical examination and a hearing where he could be cross-examined about those issues. There is no indication that the employer delayed in availing itself of those opportunities given the fact that both the examination and hearing were promptly scheduled after the claim was filed (compare Employer: D'Onofrio Gen. Contrs., 2025 WL 1914538, *7, 2025 NY Wrk Comp LEXIS 3451, *15- 16 [WCB Nos. G214 4217, G258 0231, July 2, 2025]). To be sure, decedent's death did not prevent the employer from learning what it could about the controverted psychiatric conditions via other means, such as an independent review of his medical records and questioning his treating physicians and surviving spouse about his accident, symptoms and reasons for believing that there was a link between the two (see Workers' Compensation Law § 118). Even accepting that those opportunities could potentially support a different result, however, substantial evidence in the record supports the Board's determination that the record was inadequately developed on the controverted conditions when decedent died and that the employer, "which would never be able to cross-examine decedent or have him physically examined to learn more about . . . how [the accident] led to [those] injuries, would not have the 'opportunity to be heard' to which it was entitled" (Matter of Scano v DOCCS Taconic Corr. Facility, 195 AD3d at 1327-1328, quoting Matter of Angelo v New York State Assn. of Learning Disabled, 221 AD2d 832, 832-833 [3d Dept 1995]; see Employer: Dutchess County Community Coll., 2007 WL 1601313, *2, 2007 NY Wrk Comp LEXIS 3794, *4-5 [WCB No. 59801785, Apr. 10, 2007]). Thus, we perceive no abuse of discretion in the Board holding the claim to have abated with regard to those injuries.
Garry, P.J., Pritzker, Powers and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The record does not reflect that, as required, a proper party was substituted for decedent in the wake of his death (see CPLR 1015, 1021). That said, counsel for decedent apparently also represents his surviving spouse in her claim for workers' compensation death benefits, and we take judicial notice that she was appointed as the executor of decedent's estate. Under these circumstances, and noting the employer's failure to raise the issue or otherwise object to the appeal going forward, "we deem [any] jurisdictional impediment to be waived" and have substituted claimant as the appealing party in decedent's stead (Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1185 n [3d Dept 2014]; accord Matter of Panchame v Staples, Inc., 178 AD3d 1174, 1175 n [3d Dept 2019]).